UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VACLAV ONDRISEK,<br><br>                              Plaintiff,<br>   v.<br>CITY OF HENDERSON,<br><br>                              Defendant. | Case No. 2:23-cv-00185-ART-EJY<br><br>ORDER |

Pro se Plaintiff Vaclav Ondrisek filed this action seeking damages for alleged malicious prosecution by Defendant City of Henderson. (ECF No. 1.) Defendant now moves under Fed. R. Civ. P. 12(b)(4) and (b)(6) to dismiss the complaint. (ECF No. 7.) Defendant argues that dismissal is warranted because it was not properly served under Fed. R. Civ. Pro. 4 and because Plaintiff failed to allege sufficient facts to support his claim. Also pending before the Court are Plaintiff's two Motions to Temporarily Halt Further Proceedings (ECF Nos. 14, 18) and Plaintiff's Motion for Permission to Submit Additional Evidence (ECF No. 17).

Without reaching the merits, the Court agrees with Defendant and dismisses the case without prejudice for insufficient process. Plaintiff's additional pending motions are therefore denied as moot.

**I.     BACKGROUND**

Plaintiff's complaint alleges that he was arrested and charged with domestic battery on January 10, 2022. (ECF No. 1.) Plaintiff alleges that the prosecutor willfully and maliciously pursued prosecution by manipulating evidence, lying, and creating disinformation to falsely prosecute him. (*Id.*).

Defendant's first responsive pleading is its Motion to Dismiss the Complaint. (ECF No. 7.) In its Motion, Defendant first argues the Complaint should be dismissed for insufficient process under Fed. R. Civ. P. 12(b)(4). Defendant further contends that dismissal is proper under Fed. R. Civ. P.

12(b)(6) because (1) Plaintiff failed to plead a sufficient *Monell* claim; (2) Plaintiff's *nolo contendre* plea in the domestic battery case is fatal to his malicious prosecution claim; and (3) Plaintiff's claim for relief is implausible on its face. (*Id.*) Plaintiff responded (ECF No. 10), Defendant replied (ECF No. 12), and Plaintiff filed a response to Defendant's reply (ECF No. 13). Plaintiff did not dispute the arguments concerning insufficient process, nor did Plaintiff make a showing of good cause for the insufficient process or request an extension of time from the Court.

Plaintiff then filed a Motion to Temporarily Halt Proceedings in the case. (ECF No. 14.) Defendant responded (ECF No. 15), and Plaintiff replied (ECF No. 16). Plaintiff filed a Motion to Submit Additional Evidence (ECF No. 17) before filing an additional Motion to Temporarily Halt Proceedings in the case (ECF No. 18).

While its Motion to Dismiss was pending, Defendant filed an Errata to the Motion to Dismiss (ECF No. 20) and a Notice of Supplemental Authority (ECF No. 23). Plaintiff filed responses to both (ECF Nos. 21, 24). Plaintiff also filed exhibits with his response to the Notice of Supplemental Authority (ECF No. 25). Finally, Plaintiff also filed a Supplement to his Complaint (ECF No. 22). The Court has reviewed all filings relevant to this decision.

**II.   DISCUSSION**

A motion to dismiss under Fed. R. Civ. P. 12(b)(4) seeks dismissal of a claim for relief based on insufficient process. *See* Fed. R. Civ. P. 12(b)(4). Service of process is governed by Fed. R. Civ. P. 4. Here, two provisions of that rule are relevant. First, the rule provides that a "summons must: . . . (C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff; . . . (F) be signed by the clerk; and (G) bear the court's seal." Fed. R. Civ. P. 4(a)(1). Second, the rule provides that "[o]n or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is

properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Fed. R. Civ. P. 4(b).

In this case, the summons Plaintiff served on Defendant did not include the Plaintiff's address, was not signed by the clerk, and did not bear the Court's seal. (ECF No. 5.) These deficiencies in the summons directly conflict with Fed. R. Civ. P. 4(a) and (b).

"[S]ervice of a valid summons is necessary before the district court may exercise personal jurisdiction over the defendant, and to be valid a summons must indeed be signed by the clerk." *Silbaugh v. Chao*, 942 F.3d 911, 914 (9th Cir. 2019) (citing *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568–69 (3d Cir. 1996)). Given the fact that the summons in this case was not signed by the clerk, did not bear the Court's seal, and did not include the Plaintiff's address, the Court finds that process was insufficient. The complaint must therefore be dismissed without prejudice under Fed. R. Civ. P. 12(b)(4). The Court stresses that this decision makes no conclusions as to the merits of Plaintiff's claims and that Plaintiff is free to refile his claim in the future.

## III.  CONCLUSION

Defendant's Motion to Dismiss (ECF No. 7) is GRANTED. The case is therefore dismissed without prejudice.

Plaintiff's other pending motions (ECF Nos. 14, 17, and 18) are DENIED as moot.

The Clerk of the Court is directed to enter judgment accordingly.

DATED THIS 18th day of January 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE